UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN D. GORMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV773 DJS |
| | ) |
| GARY STOLZER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Gormon for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a civil detainee at the Ste. Genevieve County Jail,[1] brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are: Gary Stolzer (Saint Genevieve County Sheriff); Chris Joggerst (correctional officer); Unknown Wallis (correctional officer); Unknown Barks (correctional officer); Lisa Miller (correctional officer); Rick Johnson (correctional officer); Michael Bauer (correctional officer); Unknown Morelean (correctional

---

[1] Plaintiff is a pretrial detainee awaiting trial on proceedings for a civil detention under the Missouri Sexually Violent Predators Act, Mo.Rev.Stat. §§ 632.480 et seq.

officer); and John Does I-III (correctional officers). The complaint seeks monetary relief only.

Plaintiff claims that he was placed in "lockdown" on two occasions without being told the reasons for his alleged disciplinary placement. Plaintiff has not described the alleged "lockdown" or detailed what, if any, hardships he was subjected to as a result of this purported act. Plaintiff also alleges that the grievances he filed regarding the "lockdown" went unanswered in direct contravention to the jail's grievance policies.

**Discussion**

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). The Court "do[es] not consider the procedures used to confine the inmate in segregation." Id. (citing Kennedy v. Bankenship, 100 F.3d 640, 643 (8th Cir. 1996)). Plaintiff has made no allegations of an atypical and significant hardship. As a result, plaintiff has failed to allege that defendants have infringed upon a constitutionally protected liberty interest, and his claims regarding his stay in administrative segregation will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims regarding his unanswered grievances are also subject to dismissal. "In the context of a state prison system, an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D.Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." Id.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  25th  Day of June, 2009.

 /s/Donald J. Stohr
DONALD J. STOHR
UNITED STATES DISTRICT JUDGE